### Gary Steven COVINGTON, Plaintiff,

v.

### UNITED STATES of America, and Marjorie Gordon, Defendants.

#### No. 3:93–MC–187–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Jan. 31, 1994.

---

Gary Steven Covington, pro se.

William K. Rounsborg, U.S. Dept. of Justice, Trial Atty., Washington, DC, for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

**THIS MATTER** is before the Court on Petitioner's *pro se* motion to quash a third party summons under 26 U.S.C. § 7609, filed September 30, 1993. Also before the Court is the United States' motion to dismiss Plaintiff's motion to quash, filed December 3, 1993. Plaintiff filed a second motion to quash on December 16, 1993. From the record before it, the Court cannot determine whether the two motions to quash are directed at one or more summonses. Since the second motion to quash is directed at an IRS summons issued on September 14, 1993, the Court will treat both motions to quash as though they are directed at the September 14, 1993 summons.

The Court has reviewed the motions to quash and the United States' motion to dismiss, as well as the applicable legal authority. Based upon its review of the facts and law in this matter, the Court concludes Petitioner's motions to quash must be denied and the United States' motion to dismiss granted.

Petitioner's right to quash a subpoena under 26 U.S.C. § 7609 rises or falls depending upon whether he is entitled to notice under that statute and not upon his preference for a civil or criminal proceeding against him. Furthermore, Petitioner has no standing to enforce the internal administrative rules of the Internal Revenue Service and his arguments premised upon those rules are legally of no avail. Petitioner particularly lacks standing to challenge the validity of a summons directed at a third party on the ground that it is unattested.

According to 26 U.S.C. § 7609, only the person named in a summons served upon a third party record keeper is entitled to notice, and only a person entitled to notice of a summons served upon a third party record keeper may move to quash that summons. 26 U.S.C. § 7609(a) and (b)(2)(A). The challenged summons in this case was served upon Petitioner's employer, or past employer, not a party defined as a third party record keeper under 26 U.S.C. § 7609(a)(3). Petitioner nowhere disputes that those companies named in the summons were or are his employers and not a third party record

keeper within the meaning of that term as defined in § 7609(a)(3). The Court further finds Petitioner has not satisfied his burden of disputing the United States' claim to an enforceable tax summons. Furthermore, the Court finds the challenged summons is issued in good faith and is not improper.

Therefore, Petitioner is not entitled to notice, and not entitled to challenge the summons on the ground that it is unattested. The court finds the summons is not improperly issued. Accordingly, Petitioner's motions to quash the summons must be dismissed and the United States' motion to dismiss for failure to state a claim granted.

**NOW, THEREFORE, IT IS ORDERED** that the Petitioner's motions to quash the third party summons be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED THAT,** the United States' motion to dismiss be, and hereby is, **GRANTED.**